## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **FAITH M. BLAKE, et al.,** | § | |
| **(No. 73053-279),** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **vs.** | § | **Civil Action No. 4:20-CV-00807-P** |
| | § | |
| | § | |
| **WARDEN CARR,** | § | |
| **FMC-Carswell, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

### ORDER DENYING MOTION FOR CERTIFICATION OF A CLASS

This case is pending before the Court and is still subject to the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The civil handwritten complaint in this case was filed in the name of 72 plaintiffs, all of whom are inmates at the Bureau of Prisons (BOP) FMC-Carswell facility in Fort Worth, Texas. Complaint 46-47, ECF No. 1. They challenge the constitutionality of the conditions of their confinement and raise numerous claims challenging all aspects of their housing, including exposure to the COVID-19 pandemic, claims regarding sanitation, deprivation of food, medical care, improper use of force, environmental hazards, limit on exercise, cruel and unusual punishment under the Eighth Amendment, retaliation for exercising heir First Amendment rights, and interference with the right of access to courts. Complaint 8-39, ECF No. 1. Plaintiffs submitted a single complaint, but it was signed first in the name of Plaintiff Faith M. Blake, but also in the name of 71 other individual plaintiffs. Complaint 46-47, ECF No. 1.

Before the Court has even examined the claims under the screening statutes, the Court notes that Plaintiff Faith M. Blake has incorporated into the complaint a motion to certify a class in this case under Federal Rule of Civil Procedure 23. Plaintiff Blake proceeds pro se in this action, and apparently seeks to represent the interests of her fellow inmates at FMC-Carswell in asserting claims related to the COVID-19 pandemic and other challenges to the conditions of their confinement. Complaint 1-8, ECF No. 1.

One of the four prerequisites for class certification is a finding that the representative party can "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). A layperson ordinarily does not possess the legal training necessary to protect the interests of a proposed class, thus courts are reluctant to certify a class represented by a pro se litigant. *See* 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1769.1, at 450 & n. 13 (3d ed. 2005) (stating general rule that "class representatives cannot appear pro se," and citing case law). As such, the courts that have confronted similar requests have "consistently held that a prisoner acting pro se 'is inadequate to represent the interests of his fellow inmates in a class action.'" *See Maldonado v. Terhune,* 28 F. Supp. 2d 284, 288 (D.N.J. 1998) (quoting *Caputo v. Fauver,* 800 F. Supp. 168 (D.N.J. 1992) (other citations omitted)); *see also King v. Frank, et al.* 328 F. Supp. 2d 940, 950 (W.D. Wis. 2004) (same); *see generally Lile v. Simmons,* 143 F. Supp. 2d 1267, 1277 (D. Kan. 2001) (noting that a prisoner plaintiff is not an adequate class representative since 28 U.S.C. § 1654 does not permit such a party to represent another pro se party in federal court).

The Fifth Circuit has explained that "[t]he district court has wide discretion in deciding whether or not to certify a proposed class." *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 471–72 (5th Cir.1986) (citation omitted). As another district court in this circuit explained:

> The Fifth Circuit interprets the adequacy requirement to "require the class representatives to possess a sufficient level of knowledge and understanding to be capable of 'controlling' or 'prosecuting' the litigation." [*Jenkins,* 782 F.2d at 482–83]. In accordance with this understanding, courts have prohibited pro se prisoner class actions from proceeding for fear that "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975) (citing *Anderson v. Moore*, 372 F.2d 747, 751 n. 5 (5th Cir.1967)). As a consequence, it would be "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Id.* (citation omitted); *see also Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J.1992) ("Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action.") (citations omitted); *Washington v. Louisiana*, No. 09–3186, 2009 WL 2015556, at *1 n. 1 (E.D. La. June 30, 2009) (unpublished) (prisoner-plaintiff's pro se status rendered him incapable of satisfying the Rule 23(a)(4) adequacy requirement) (citing *Oxendine* and *Anderson*).
>
> *Powers v. Clay,* CA No. V-11-051, 2012 WL 642258, at *4 (S.D. Tex. Feb. 27, 2012).

As Plaintiff Faith M. Blake proceeds pro se, she has not shown that she could fairly and adequately protect the interests of a purported class of other FMC-Carswell inmates. Therefore, Plaintiff Blake's incorporated motion to certify a class must be denied.

It is therefore **ORDERED** that to the extent a motion for certification of a class is incorporated into the complaint, that motion is **DENIED.**

      **SO ORDERED** this **11th day** of **August, 2020.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE